UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GARY DON BACON, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. 4:13-CV-842 |
| § | |
| WILLIAM STEPHENS; aka DIRECTOR § | |
| TDCJ, § | |
| § | |
| Respondent. § | |

## OPINION ON DISMISSAL

Petitioner Gary Don Bacon, a state inmate incarcerated in the Polunsky Unit of the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID), filed a habeas corpus petition challenging his 2007 conviction for murder. (Docket No. 1.) On October 11, 2013, the Court dismissed the petition pursuant to Rule 41(b) for failure to prosecute and failure to comply with a Notice of Deficient Pleading entered April 23, 2013. (Docket Nos. 8 & 9.) *See* Fed. R. Civ. P. 41(b). Before the Court is Plaintiff's second motion under Rule 60(b), *see* Fed. R. Civ. P. 60(b), for relief from the judgment. (Docket No. 14.) For the reasons stated below, the Court will grant Petitioner's motion for relief from the judgment and dismiss his petition as time-barred.

### I.   PROCEDURAL HISTORY

Following a plea of not guilty, Petitioner was convicted by a jury of murder on January 23, 2007, in the 177th Judicial District Court of Harris County, Texas, in Cause Number 1057621. (Docket No. 1.) Petitioner was sentenced to twenty-five years confinement in TDCJ-CID. (Id.) The First Court of Appeals for the State of Texas affirmed the conviction in an unpublished opinion issued January 31, 2008. *Bacon v. State*, No. 01-07-00072-CR, 2008 WL

247380 (Tex. App.—Houston [1st Dist.], Jan. 31, 2008) (not designated for publication). On July 3, 2008, Petitioner filed a state habeas petition asserting that he was not given notice of the appeals court's decision in time to file a petition for discretionary review. Harris County Clerk website; *State v. Bacon*, No. 105762A (177th Jud. Dist. Ct., July 3, 2008). On November 5, 2008, in an unpublished opinion, the Texas Court of Criminal Appeals granted relief and allowed Petitioner thirty days from issuance of its mandate on December 1, 2008, to file a petition for discretionary review. *Ex parte Gary Don Bacon*, No. AP-76,027, 2008 WL 4809127 (Tex. Crim. App., Nov. 5, 2008) (not designated for publication); Harris County Clerk website (viewed October 30, 2014). Despite this extension of time, Petitioner did not file a timely petition for discretionary review and the time to do so expired on December 31, 2008. Thus, Petitioner's conviction also became final for purposes of federal habeas corpus review on that date. 28 U.S.C. § 2244(d)(1)(A). On June 15, 2011, Petitioner filed another habeas petition in the state district court, this time challenging his conviction. *State v. Bacon*, No. 105762B (177th Jud. Dist. Ct., June 15, 2011); Harris County Clerk website (viewed October 30, 2014). The Texas Court of Criminal Appeals denied the application without written order on the trial court's findings without a hearing on January 23, 2013. *State v. Bacon*, No. WR-70,843-02 (Tex. Crim. App., Jan. 7, 2013); TCCA website (viewed October 30, 2014).

Petitioner executed the present federal petition for a writ of habeas corpus on February 6, 2013 (Docket No. 1 at 10), seeking federal habeas relief on several claims of trial court error. (Id. at 6-7.) On April 23, 2014, the Clerk issued a Notice of Deficient Pleading instructing Petitioner to submit within thirty days the required filing fee or a motion to proceed *in forma pauperis* and prisoner trust fund account statement. (Docket No. 8.) That notice specifically warned Petitioner that failure to timely comply could result in dismissal of this case under Rule

41(b) of the Federal Rules of Civil Procedure for failure to prosecute. (Id.)  Nearly six months later, on October 11, 2013, after receiving no response or other correspondence from Petitioner, the Court dismissed the petition without prejudice for failure to prosecute. (Docket No. 9.)

## II. MOTION FOR RELIEF FROM JUDGMENT

On October 22, 2013, Petitioner filed an initial motion for relief from the Order of Dismissal stating that his failure to respond to the Clerk's deficiency notice was caused by his unit being on lockdown. (Docket No. 10.)  The Court denied the motion because Petitioner did not clearly assert that he never received the deficiency notice or explain how he was prevented from responding. (Docket No. 13.)  On June 3, 2014, Petitioner filed a second Rule 60(b) motion clarifying that he never received the Clerk's deficiency notice. (Docket No. 14.)  Based on this representation the Court ordered TDCJ-CID officials to provide copies of Petitioner's unit mail log for the relevant time period. (Docket No. 15.)

Under Rule 60(b), a district court may relieve a party from final judgment on the basis of (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment." FED. R. CIV. PROC. 60(b).

The mail log received from Petitioner's housing unit supports Petitioner's claim that he did not receive the Clerk's notice of deficient pleading. (Docket Nos. 18-19.)  Thus, Petitioner's motion for relief from the Order of Dismissal (Docket No. 14) is granted pursuant to Rule 60(b)(1) and the Court will proceed to screen Petitioner's application for timeliness under the applicable statute of limitations.

### III. ONE-YEAR STATUTE OF LIMITATIONS

Under the Anti-terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996), habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2). The one-year limitations period became effective on April 24, 1996, and applies to all federal habeas corpus petitions filed on or after that date. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh*, 521 U.S. 320). Because the present petition was filed well after that date, the one-year limitations period applies to Petitioner's claims. *Id.* at 198. Although the statute of limitations is an affirmative defense, the courts are authorized to raise

such defenses *sua sponte* in habeas actions. *Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999). Therefore, this Court may properly determine at the outset whether the present petition is timely.

Although Petitioner's conviction was affirmed by the intermediate court of appeals on April 23, 2008, and the time for seeking further direct review ordinarily expires thirty days later, Tex. R. App. P. 68.2, as noted above, Petitioner successfully asserted a lack of notice of the affirmance in a state habeas application and was granted an additional thirty days from issuance of the mandate in that habeas case to file a petition for discretionary review. *Ex parte Gary Don Bacon*, No. AP-76,027, 2008 WL 4809127 (Tex. Crim. App., Nov. 5, 2008) (not designated for publication). The mandate was issued on December 1, 2008, Harris County Clerk website (viewed October 30, 2014), making Petitioner's conviction final for purposes of federal habeas corpus review on December 31, 2008. That date triggered the one-year limitations period under AEDPA, therefore, absent tolling, the deadline for Petitioner to file a federal habeas corpus petition was December 31, 2009. *See* 28 U.S.C. § 2244(d)(1)(A).

Because Petitioner's state habeas challenges to his conviction were filed after the limitations period under AEDPA had already expired, the tolling provisions found in § 2244(d)(2) do not apply here. Petitioner filed his first state habeas application challenging his conviction[1] on June 15, 2011, in the state district court. *State v. Bacon*, No. 105762B (177th Jud. Dist. Ct., June 15, 2011); Harris County Clerk website (viewed October 30. 2014). The Texas Court of Criminal Appeals denied the application without written order on the trial court's findings without a hearing on January 23, 2013. *State v. Bacon*, No. WR-70,843-02 (Tex. Crim. App., Jan. 7, 2013); TCCA website (viewed October 30, 2014). Petitioner filed another state

---

[1] Petitioner's earlier state habeas application challenged only the lack of notice of the intermediate appeals court's affirmance of Petitioner's conviction, which resulted in the Texas Court of Criminal Appeals granting the extension of time to file a petition for discretionary review.

habeas application challenging his conviction on February 21, 2013, which was dismissed on July 17, 2013, presumably as successive. TCCA website (viewed October 30, 2014); *Ex parte Torres,* 943 S. W.2d 469, 472 (Tex. Crim. App. 1997) (holding a "denial" signifies an adjudication on the merits while a "dismissal" means the claim was declined on grounds other than the merits). Because Plaintiff's substantive state habeas petitions were filed well after the one-year limitations period under AEDPA expired, they did not toll the limitations period here. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period). Therefore, Petitioner's federal habeas corpus petition, executed on February 6, 2013, is untimely.

On August 7, 2014, the Court ordered Petitioner to file a written statement addressing the limitations bar and equitable tolling, if applicable. (Docket No. 15 at 2.) In his response, Petitioner argues that the state habeas court's ruling was contrary to state and federal rules of evidence and, therefore, amounts to a "new rule" which is not subject to the AEDPA limitations period. (Docket No. 17 at 2.) The only cases cited by Petitioner for this assertion are the Supreme Court's decisions in *Teague v. Lane,* 489 U.S. 288, 109 S. Ct. 1060 (1989), and *Brecht v. Abrahamson,* 507 U.S. 619, 113 S. Ct. 1710 (1993). However, those cases do not offer any support for Petitioner's argument. *Teague*'s non-retroactivity principle merely prohibits courts from granting habeas corpus relief based on retroactive application of new constitutional rules of criminal procedure on collateral review, *Teague,* 489 U.S. at 307, while *Brecht* held that federal habeas relief is foreclosed if a claim asserts trial error that, although of constitutional magnitude, did not have a "substantial and injurious effect or influence in determining the jury's verdict" *Brecht,* 507 U.S. at 637. Neither of these cases provides Petitioner an avenue for circumventing the limitations period under AEDPA.

Petitioner also fails to present any argument for equitable tolling. Equitable tolling of the statute of limitations is permitted only if rare and exceptional circumstances beyond a prisoner's control make it impossible to file a petition on time. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). The doctrine applies principally when a petitioner is actively misled by a party about the cause of action or is prevented in some extraordinary way from asserting his rights. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). In order for equitable tolling to apply, the applicant must diligently pursue § 2254 relief. *Id.* And the petitioner bears the burden of establishing entitlement to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). Petitioner has not met this burden here. Petitioner has not shown that he was subject to state action that impeded him from filing his petition in a timely manner. See 28 U.S.C. § 2244(d)(1)(B). Nor has he shown a newly recognized constitutional right upon which the petition is based or raised a factual predicate for the claims that could not have been discovered previously. *See* 28 U.S.C. § 2244(d)(1)(C), (D). Although petitioner is incarcerated and is proceeding without counsel, his ignorance of the law does not excuse his failure to file his petition in a timely manner. *Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir. 1999).

Accordingly, the Court determines that Petitioner's federal petition is barred by AEDPA's one-year limitation period and this action must be DISMISSED as untimely.

### IV.   CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v.*

*McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). However, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). Petitioner has not made a substantial showing that reasonable jurists would find the Court's procedural ruling here debatable or wrong. Therefore, a certificate of appealability from this decision will be denied.

## V. CONCLUSION

Accordingly, the Court ORDERS the following:

1. Petitioner's second motion for relief from the judgment (Docket No. 14) is GRANTED and the Order of Dismissal entered October 11, 2013, dismissing this case pursuant to Rule 41(b) for failure to prosecute (Docket No. 9) is VACATED.

2. Petitioner's application for a writ of habeas corpus is DENIED.

3. This cause of action is DISMISSED, with prejudice, as untimely pursuant to 28 U.S.C. § 2244(d).

4. A certificate of appealability is DENIED.

5.      All other pending motions are DENIED.

The Clerk will provide copies to the parties.

SIGNED at Houston, Texas, this 5th day of February, 2015.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE